IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LACEY L. SAXTON, | Civil Action |
| Plaintiff, | No. |
| v. | |
| WESTMORELAND COUNTY, PENNSYLVANIA; THE SHERIFF OF WESTMORELAND COUNTY, PENNSYLVANIA, and JONATHAN HELD, Sheriff of Westmoreland County in his individual capacity, | |
| Defendants. | JURY TRIAL DEMANDED |

## **CIVIL COMPLAINT**

Lacey L. Saxton, by undersigned counsel brings this civil complaint and in support alleges the following:

### I. Jurisdiction

1. The jurisdiction of this court is invoked pursuant to Section 1 of the Civil Rights Act of 1871, 42 U.S.C. §1983; 28 U.S.C. §1331 and 1343(a)(3) and (a)(4).

### II. The Parties

2. Plaintiff Lacey L. Saxton is a female adult who resides at 820 West 1st Street, Derry, PA 15627. At all times relevant hereto, she was employed by Defendants as the Lead Part-Time Deputy Sheriff.

3. Defendant, Westmoreland County of Pennsylvania is an political subdivision of the Commonwealth of Pennsylvania and a county of the third class. Its principal place of business is 2 N. Main Street, Greensburg, PA 15601. At all times relevant it was Ms. Saxton's employer or joint

1

employer.

4. Defendant, the Sheriff of Westmoreland County is a political subdivision of the Commonwealth of Pennsylvania, with its principal place of business at 2 N. Main Street, Greensburg, PA 15601. At all times relevant it was Ms. Saxton's employer or joint employer.

5. Defendant Jonathan Held has been Sheriff of Westmoreland county since January 2012. He is a state actor with final policy making authority over the Westmoreland County Sheriff Office, pursuant to Pennsylvania law. At all times relevant he operated pursuant to authority granted or delegated to him under Pennsylvania law, and therefore at all times relevant acted under color of state law. He is sure in his individual capacity. His business address is 2 N. Main Street, Suite 101, Greensburg, PA 15601.

### III.  Factual Background

6. Ms. Saxton began working for Defendants in June 22, 2014 as a part-time Deputy Sheriff in the office of the Sheriff.

7. Ms. Saxton currently is a Lead Part Time Deputy Sheriff. Throughout her employment she has performed her job duties in a manner fully acceptable to her employer.

8. During her employment, Ms. Saxton applied for numerous full-time Deputy Sheriff positions for which she was fully qualified.

9. The last time she applied for a full-time position was in or around November, 2016.

10. However, on or about November 14, 2016 Defendants promoted a less qualified man to a full-time Deputy position.

11. Ms. Saxton has complained repeatedly that she has been treated less favorably than her male counterparts because they have been promoted; because she has not been scheduled the

2

same amount of shifts as other part-time male deputies and because she has not been permitted to pick up additional shifts when available.

12. Defendants have received similar complaints from female Part Time Deputy Sheriffs during the past two years.

13. Defendants have not provided any reasons for not selecting Ms. Saxton for any of the full-time Deputy positions for which she applied.

14. However, Former Chief Deputy Paul McCommons has noted that "girls" who are attractive are better off in Public Relations.

15. Sheriff Held and his management subordinates have announced that women are not capable of working the second shift in the Sheriff office because they are women.

16. Defendants preclude women from working alone in the gun registry office of the Sheriff because of they are women and Defendants believe women are unsuited for such work.

17. Male employees of the Sheriff Office have been hired and/or promoted despite having a criminal record or being subjected to criminal charges at the time of their hire/promotion.

## Count I
## 42 U.S.C. §1983
## Gender Discrimination
## Plaintiff v. Westmoreland County; Westmoreland County Sheriff and Jonathan Held

18. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 17 as if fully restated herein.

19. Defendants intentionally refused to hire and/or promote Ms. Saxton because of her gender.

20. The intentional discrimination by Defendants because of her gender deprived Ms.

3

Saxton, under color of state law, of Equal Protection of Law in violation of the 14th Amendment of the United States Constitution and 42 U.S.C. §1983.

21. Defendant Held is a policy making official of the Sheriff of Westmoreland County, because he possesses final non-reviewable authority to hire or promote employees.

22. The acts and omissions of Defendant Held, reflect a policy, custom and pattern of official conduct, under color of state law, that both expressly and tacitly fails and refuses to hire or promote Ms. Saxton and other women because of their sex, and therefore deprived Ms. Saxton of her right to Equal Protection of Law under the 14th Amendment of the U.S. Constitution and 42 U.S.C. §1983,

23. As a result of the aforesaid acts and omissions of Principal Mason and other Central Greene School District officials, Defendant Central Greene School District has, under color of state law, officially permitted and sanctioned the discrimination of Plaintiff because of her sex.

24. Defendants actions toward Ms. Saxton were intentional and undertaken with reckless indifference to her federally protected right to Equal Protection of the Law.

25. The conduct of Defendant Held, as set forth above, was a conscious choice on his part to disregard Ms. Saxton's constitutional rights, and deprived her under color of state law of her right to Equal Protection of the Law, in violation of the Fourteenth Amendment of the U.S. Constitution and therefore violated 42 U.S.C. §1983.

26. As a direct and proximate result of Defendant's conduct, Ms. Saxton ff has suffered lost wages, benefits, seniority, and emotional distress, humiliation, and inconvenience

WHEREFORE, Plaintiff demands judgment against Defendants, for deprivation of her right to Equal Protection of the Law and 42 U.S.C. §1983, and damages as follows:

    a.    That Defendants be permanently enjoined from discriminating against Plaintiff because of her sex;

    b.    That Defendants be permanently enjoined from retaliating against Plaintiff because of her sex or her assertion of this action;

    c.    That Plaintiff be awarded actual and consequential damages including lost wages in an amount to be proven at trial, plus interest;

    d.    That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress and humiliation Plaintiff has suffered as a result of Defendants' conduct;

    e.    That Plaintiff be awarded against Defendant Held in his individual capacity punitive damages in amount sufficient to punish his conduct and deter other similar conduct in the future.

    f.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and, pursuant to 42 U.S.C. §1988, a reasonable attorney's fee; and

    g.    That Plaintiff be awarded such further relief as this Court deems to be just and proper.

Respectfully submitted,

**Samuel J. Cordes & Associates**

/S/ Samuel J. Cordes
Samuel J. Cordes
Pa.I.D. #54874

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 281-7991

Attorney for Plaintiff